## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **DIENNA M. LASH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 3:18-CV-01466-MAB** |
| | ) | |
| **HARESH MOTWANI, ET AL.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**BEATTY, Magistrate Judge:**

Plaintiff Dienna M. Lash filed this action on August 2, 2018 against several Defendants alleging medical malpractice in the treatment of Decedent, Mr. Glenn Lash (Doc. 1). Presently before the Court is Defendant Dr. Robert Panico's motion for summary judgment, filed on July 15, 2020 (Doc. 79). Plaintiff Dienna M. Lash filed a response on August 17, 2020 (Doc. 84). For the reasons set forth below, Defendant Panico's motion for summary judgment is granted.

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of establishing that no material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970); *Lawrence v.*

*Kenosha Cty.*, 391 F.3d 837, 841 (7th Cir. 2004).

Once the moving party sets forth the basis for summary judgment, the burden then shifts to the nonmoving party who must go beyond mere allegations and offer specific facts showing that there is a genuine issue of fact for trial. FED. R. CIV. P. 56(e); *see Celotex*, 477 U.S. at 232-24. In determining whether a genuine issue of fact exists, the Court must view the evidence and draw all reasonable inferences in favor of the non-movant. *Bennington v. Caterpillar Inc.*, 275 F.3d 654, 658 (7th Cir. 2001); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[i]nferences that rely upon speculation or conjecture are insufficient." *Armato v. Grounds*, 766 F.3d 713, 719 (7th Cir. 2014). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id.* (citation omitted).

In order for Plaintiff to succeed in an Illinois-based medical malpractice case, Plaintiff must establish 1) the standard of care against which the defendant physician's conduct is measured, 2) that the defendant physician deviated from this standard of care, and 3) that the deviation resulted in the plaintiff's injury. *Murphy v. U.S.*, No. 3:08-cv-00745-JPG-PMF, 2011 WL 1102873 *2 (S.D. Ill. Feb. 15, 2011) (internal citations omitted). "Unless the physician's negligence is so grossly apparent or the treatment so common as to be within the everyday knowledge of a layperson, expert medical testimony is required to establish the standard of care and the defendant physician's deviation from that standard." *Id.*

Defendant Panico asserts that Plaintiff lacks expert testimony and expert opinion to establish that Defendant Panico deviated from the standard of care. Additionally,

Plaintiff has not presented evidence that Dr. Panico or his actions were the proximate cause of Mr. Lash's death (Doc. 79). Plaintiff agrees that there is no evidence in the record that Defendant Panico contributed to Mr. Lash's death, detailing that one of Plaintiff's experts, Dr. Finley Brown did not offer testimony linking any alleged wrongs or standard of care deviations by Defendant Panico to the issues in this case (Doc. 79-6, p. 18). Additionally, Plaintiff highlights that in July 2020, the remaining Defendants served expert disclosures and none of the expert reports suggest that Defendant Panico breached the standard of care (Doc. 84, p. 2). Therefore, Plaintiff does not oppose Defendant Panico's motion for summary judgment.

For aforementioned reasons, Defendant Panico's motion for summary judgment is **GRANTED** (Doc. 79). Defendant Panico is **DISMISSED with prejudice**. Defendant Sparta Community Hospital District's motion for summary judgment along with Defendant Haresh Motwani's motion for summary judgment remain under advisement.

IT IS SO ORDERED.

DATED: December 4, 2020

s/ Mark A. Beatty
MARK A. BEATTY
United States Magistrate Judge